UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GURPARTAP SINGH SIDHU, | : | 1:10-cv-2311 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| RUPINDER MANN, | : | Hon. John E. Jones III |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

**March 14, 2011**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS;**

Pending before the Court is a Motion to Dismiss ("Motion") filed by Defendant Rupinder Mann ("Defendant") on January 1, 2011. (Doc. 6). For the reasons that follow, we will grant the Motion. However, we shall grant the Plaintiff leave to amend Count I of his complaint.

**I.  PROCEDURAL HISTORY**

The plaintiff, Gurpartap Singh Sidhu ("Plaintiff"), initiated the instant action by filing a complaint in the United States District Court for the Middle District of Pennsylvania on November 8, 2010. (Doc. 1). Defendant filed a Waiver of Service in accordance with Fed.R.Civ.P. 4 on December 2, 2010. (Doc. 4). Thereafter, Defendant timely filed the pending Motion to Dismiss. (Doc. 6).

The Motion has been fully briefed by the parties and is therefore ripe for disposition.

## II. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hamption Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545

(2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* ---U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . ." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 120 S.Ct. at 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 129 S.Ct. at 1950. Next, the district court must identify "the 'nub' of the . . . complaint–the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these

3

allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 127 S. Ct. 1964-65, 1969 n.8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

## III. FACTUAL ALLEGATIONS

Plaintiff and Defendant are husband and wife and have been parties to a divorce action filed in Cumberland County, Pennsylvania since February 2006. (Doc. 1 ¶ 5-6). Plaintiff resides in Wisconsin, and Defendant resides in Pennsylvania. (*Id.* ¶ 3-4). Plaintiff alleges that Defendant wrongfully filed two criminal ex parte actions in India. (*Id.* ¶ 13, 15). The first action, a dowry claim filed April 16, 2006, alleged that Plaintiff abused the dowry laws of India. (*Id.* ¶ 13). The second action, a fraud claim filed October 17, 2008, alleged that Plaintiff committed fraud in his applications and documentation in pursuit of his medical degree and professional license. (*Id.* ¶ 15).

Plaintiff's complaint consists of two counts: Abuse of Process (Count I) and

Tortious Interference with Perspective [*sic*, hereinafter "Prospective"] Business Interests (Count II). With respect to Count I, Plaintiff alleges two wrongful uses of the Indian courts. First, that Defendant filed the fraud action to wrongfully prevent Plaintiff from completing his medical education and obtaining a medical license. (*Id.* ¶ 19). Second, that Defendant filed both actions to secure leverage in the divorce negotiations. (*Id.* ¶ 20). With respect to Count II, Plaintiff alleges that Defendant filed the fraud action for the purpose of preventing Plaintiff from obtaining employment as a physician thereby interfering with a prospective business relationship. (*Id.* ¶ 22-23).

## IV. DISCUSSION

### A. Choice of Law

Where jurisdiction over a plaintiff's tort actions are based upon diversity of citizenship, the District Court shall apply the state choice-of-law rules in the jurisdiction in which the court sits to determine which state's substantive law governs the dispute. *Garcia v. Plaza Oldsmobile Ltd.*, 421 F.3d 216, 219 (3d Cir. 1994). Pennsylvania law requires that we determine what type of conflict, if any, exists between the competing bodies of law. *Id.* (citing *Kuchinic v. McCrory*, 222 A.2d 897, 899-900 (Pa. 1966)). Where there is no difference between the laws of the forum state and those of the foreign jurisdiction, the result is a false conflict,

and the court need not decide the choice of law issue. *Lucker Mfg. v. Home Ins. Co.*, 23 F.3d 808, 813 (3d Cir. 1994). However, where the governmental interests of both states would be impaired by the application of another state's substantive law, the result is a true conflict, and the law of the state having the most significant contacts or relationships with the particular issue shall apply. *Garcia*, 421 F.3d at 220.

In this case, three bodies of law are potentially applicable. Wisconsin law and Pennsylvania law are clearly implicated because the parties are domiciled in these states. However, Indian law is also implicated because Defendant allegedly used the Indian court system to commit the torts at issue herein. Therefore, to the extent that the laws of India, Wisconsin, and Pennsylvania are in conflict, we must decide which jurisdiction has the most significant relationship to the dispute to determine which substantive law applies. In evaluating which state's connection to the claim is most significant, courts should consider a number of factors including: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile of the parties; and (4) the place where the relationship between the parties is centered. RESTATEMENT (SECOND) OF CONFLICTS OF LAW § 145 (1971). The relative importance of the factors to the claim determines the weight the court should give to each of these factors. *Id.*

With respect to the abuse of process claim, generally the local law of the jurisdiction where the offending proceeding has occurred will govern the dispute unless another jurisdiction has a more significant relationship to the claim. *See* RESTATEMENT (SECOND) OF CONFLICTS OF LAW § 155 (1971). Here, the offending proceedings are ongoing in India. However, accepting the truth of the facts asserted in the complaint, the Defendant commenced these proceedings for the purpose of influencing the divorce action currently pending in Pennsylvania state court. Therefore, situs of the relevant relationship between the parties and any injury to Plaintiff's interest in the divorce is Pennsylvania. We find that these factors are more significant than the location of the injury-causing conduct because the alleged conduct was, in effect, an attempt to manipulate the Pennsylvania legal system. Therefore, we find that Pennsylvania has the most significant relationship to the claim for abuse of process, and Pennsylvania substantive law will govern this claim.

With respect to the claim for interference with a prospective business interest, the allegedly tortious conduct again occurred in India, but it appears the conduct was intended to harm Plaintiff in the United States wherever he intends to pursue employment as a physician. Based on allegations of Defendant's intent, the location of the injury would appear to be the most significant factor affecting the

claim. However, as discussed below, Plaintiff fails to identify exactly what business interest was impaired by Defendant's actions. We are therefore unable to identify where Plaintiff has suffered harm, and consequently we are unable to determine which substantive law governs the dispute. Moreover, because the law in both Pennsylvania and Wisconsin requires the claimant to identify a prospective contractual relationship,[1] the complaint is deficient under either analysis, and we need not decide the choice of law issue for this claim.

### B. Abuse of Process Claim

In Pennsylvania, to state a claim for abuse of process, a plaintiff must allege that the defendant used a legal process primarily to accomplish a purpose for which it was not designed and that the plaintiff has suffered harm from such use. *Werner v. Plater-Zyberk*, 799 A.2d 776, 785 (Pa. Super. Ct. 2002). Use of the legal process requires more than the mere initiation of proceedings. *See Ace v. Argonaut Ins. Co.*, 452 A.2d 1384, 1385 (Pa. Super. Ct. 1982) (distinguishing abuse of process from malicious prosecution). "The usual case of abuse of process is one of some form of extortion, using the process to put pressure upon the other to compel him to pay a different debt or to take some other action or refrain from it . . ." *Rosen v. Tesoro*

---

[1] *See InfoSAGE, Inc. v. Mellon Ventures, L.P.*, 896 A.2d 616, 627 (Pa. Super. Ct. 2006); *Anderson v. Regents of the Univ. of Cal.*, 554 N.W.2d 509, 518 (Wis. Ct. App. 1996); *see also* RESTATEMENT (SECOND) OF TORTS § 766B (1979).

*Petroleum Corp.*, 582 A.2d 27, 33 (Pa. Super. Ct. 1990). However, there exists no cause of action where the defendant had an ulterior motive for pursuing the claim if the process is used for the purpose for which it was intended. *Id.*

As stated above, Plaintiff's abuse of process claim rests upon two separate incidents. First, Plaintiff asserts that Defendant used the fraud action to prevent Plaintiff from completing his medical education and obtaining his medical license. Second, Plaintiff asserts that Defendant used both of the criminal actions to secure leverage in the divorce. We shall address each of these claims individually.

With respect to the claim that Defendant used the fraud action to prevent Plaintiff from obtaining his medical license, we find that Plaintiff has failed to state a claim upon which relief may be granted for two reasons. First, abuse of process requires that a defendant use, rather than merely initiate proceedings against the plaintiff. *See Ace,* 452 A.2d at 1385. Even if Defendant did commence the fraud action maliciously and without legal justification, the complaint does not allege that she subsequently used the process in a manner designed to coerce Plaintiff into abandoning his medical training. Second, wrongful and malicious conduct alone is not sufficient to establish a claim for abuse of process. The process must be used for a purpose for which it was not designed. *See Rosen,* 582 A.2d at 33. Here, to the extent that Defendant attempted to prevent Plaintiff from securing his medical

license, she used the fraud action in exactly the manner it was designed, to prevent an allegedly unqualified individual from entering the medical profession. Her ill-will toward Plaintiff is immaterial.

With respect to the claim that Defendant used the criminal actions to secure leverage in the Pennsylvania divorce action, we again find Plaintiff's complaint deficient. In order to state a claim for abuse of process, Plaintiff must allege some harm caused by Defendant's actions. *Werner*, 799 A.2d at 785. In his Brief in Opposition to the Motion to Dismiss, Plaintiff states, "Plaintiff has incurred substantial legal fees, has been precluded from securing his medical degree, has been precluded from enjoying the revenues he would have earned as a practicing physician, he has foregone the use and enjoyment of various pieces of marital property. . ." (Doc. 10 at 8). These harms, however, are not alleged in the complaint as an element of the abuse of process claim. Although Plaintiff does allege that he was precluded from obtaining his medical license and practicing as a physician in paragraph twenty three of his complaint, these harms relate specifically to Count II and are not incorporated by reference into Count I. We acknowledge that if Plaintiff is able in good faith to allege particularized facts demonstrating the harms alleged in his brief, the complaint may withstand a subsequent motion to dismiss. We will therefore grant Defendant's Motion to Dismiss with respect to Count I of

the complaint, but we will grant Plaintiff leave to amend this claim.

### C. Interference with Prospective Business Relations Claim

Under both Pennsylvania and Wisconsin law, the claimant must identify the prospective contractual relationship with which the defendant is alleged to have interfered. *See InfoSAGE, Inc. v. Mellon Ventures*, L.P., 896 A.2d 616, 627 (Pa. Super. Ct. 2006); *Anderson v. Regents of the Univ. of Cal.*, 554 N.W.2d 509, 518 (Wis. Ct. App. 1996). As noted by the Pennsylvania Supreme Court, however, "[d]efining a 'prospective contractual relation' is admittedly problematic. . . . It is something less than a contractual right, something more than a mere hope." *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 471 (Pa. 1979). The prospective relationship need not be certain, but it must be reasonably likely as measured by an objective standard. *InfoSAGE*, 896 A.2d at 627 (finding that a prospective financing contract was not reasonably likely where Plaintiff presented an attractive investment opportunity but was not presently engaged in negotiations with potential investors).

Plaintiff alleges that Defendant's actions were intended to interfere with Plaintiff completing his medical education and thereby prevent him from securing employment as a physician. At this stage, Plaintiff's prospective employment contract is only theoretically possible rather than reasonably likely. Plaintiff has not

identified any medical institution with whom he has entered into employment negotiations, and it is entirely possible that Plaintiff would be denied a medical degree, a professional license, or employment regardless of Defendant's alleged interference. Therefore, we find that Plaintiff has failed to allege sufficient facts to raise a plausible claim for interference with a prospective business relation. We will grant Defendant's Motion to Dismiss with respect to Count II of the complaint.

## V. CONCLUSION

For the reasons set forth in this memorandum, the Defendant's Motion shall be granted. The complaint shall be dismissed, but Plaintiff shall be granted leave to amend Count I. An appropriate order shall issue.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion to Dismiss (Doc. 6) is **GRANTED**.

2. The Complaint (Doc. 1) is **DISMISSED** in its entirety but with leave to amend Count I only within ten (10) days of the date of this Order. Failure to file an Amended Complaint within ten (10) days of this Order will result in dismissal of this case.

/s/ John E. Jones III
John E. Jones III
United States District Judge
